JOHN T. MOORE, TRUSTEE, *v.* ALBERT BURGE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—442.]

**Construction of Will.**

Where a testator disposing of a large estate gives his widow a life estate in certain property, and bequeaths the remainder of the estate to six children, share and share alike, but provides that the share coming to a son shall be held by a trustee for him and directs that a part of the income of this share shall be paid to the son's wife, and the testator's wife dies before he does and he executes a codicil in which he bequeaths the share first given to his wife to his children, and notwithstanding he had already provided for the disposition by a residuary clause of the property devised to his wife, after her death, he proceeds to divide stocks and bonds among such children and directs that the trustee shall hold his son's share for him as other property devised to him, but provides that his home residence shall be sold by his executors and directs that the proceeds of such sale and the personalty in said residence be divided among his six children "share and share alike in perfect equality," such codicil has the effect to pass the one-sixth part of such proceeds of sale directly to such son and the same is not to be handled by his trustee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 28, 1882.

OPINION BY JUDGE PRYOR:

That the testator in the preparation and execution of his will has expressed, time and again, a want of confidence in the business capacity of his son is made manifest in nearly every clause of the instrument, where the son is made the object of his bounty. But this fact is not sufficient to defeat the purpose of the testator in giving to this son out of the large devise made to him, a small portion of the estate over which he is to have complete control. The great pains taken by the testator in creating the trust and in determining what was to be held in trust, and his repeated declarations made with reference to it affords a strong argument in favor of the fact that in omitting to clothe the proceeds of the homestead with any trust it was his intention that it should pass to the son free from the control of a trustee. The testator realized the importance of vesting in a trustee the bulk of the estate intended for his son and for the support of the son's wife and children. That portion of the estate that he proposed to give his children and place beyond the power of disposition consisted of various business houses

on Main street. The rental of this property, when divided, was made the source from which the testator evidently expected his son and family were to derive their support. It was the most valuable estate devised and was in fact the bulk of the property devised to his son. He is careful to secure the annual income from this estate for the support of his son's family so as to require the trustee to pay one-half of that income to the wife of the son, and was not willing to confide more to the latter than was necessary for his own support. The rental from these business houses, as well as the property itself, he seems to have set apart to his children and has so secured it as to afford them a permanent support in the midst of any misfortune that might befall them. It is true that in the sixth clause of the will, he not only vests the title to the stores devised for the benefit of his son in a trustee but also the undivided one-sixth share of the residuum of his estate, and requires the trustee to pay one-half of the rents or income from the entire share of the son to the son's wife. By the seventh clause of the will the testator again declares that the one-sixth share of the residuum falling to his son shall vest in the trustee with the same conditions and limitations as mentioned in the sixth clause. In this seventh clause he includes as a part of the residuum the remainder interest of certain property devised to his wife for life, and then says that the residuum shall be divided between the children in perfect equality, the son's portion to be held in trust as already stated. A part of the estate devised to the wife of the testator for life, and that constituting a part of the residuum devised, was the family residence, and that part of the estate is the subject of this litigation. After the execution of the will by virtue of which this trust was created, so far as the son was concerned, the wife of the testator died and up to this time as the will then stood there was no question but that the entire devise to the son was in trust, and the only question presented is, Was the character of the estate changed by the codicil thereafter attached? A considerable estate was devised by the testator to his wife for life, including the family residence, and all his stocks of every kind, and as she died before the testator it became necessary, or at least he exercised the right of making a disposition of this estate. He proceeds to give to each one of his daughters, by the codicil, a large number of shares of gas stock in their own right and without any limitation, and then gives to his son Albert not quite half as many shares of the stock as he had given

his daughters, but gives him in addition the house and lot on Eleventh street in which Albert then resided, all of which is given to the same trustee in trust and upon the same conditions and limitations expressed in his will for the use, benefit, and support of his son Albert, his wife and child. The mind of the testator was evidently again called, after the death of his wife, when considering the object of his bounty, to the necessity of vesting the property devised to the son in trust for the use of the son and his family, and he required the stocks and the house and lot to be held in trust for the use of the son in the same manner as provided by the original will. He had not as yet disposed of his family residence, although it went with the residuum of his estate, under the devise made in the original will, still the testator was not willing to abide by the provisions of that instrument and evidently desired to make some change. In the first place, he wanted the residence sold after the expiration of two years from his death, and he, therefore, provided that his executors in their discretion should after two years from his death sell his residence, etc., or whenever they deemed it to the interest of his estate. Having authorized a sale of the homestead, the testator then saw proper to dispose of the proceeds when sold. It was not necessary to do this if he proposed to make no change in the mode of distribution. He had already provided in his will how the residuum of his estate should go, and the manner in which each child's interest should be held. He had declared that his residence and the stocks constituted a part of this residuum and there was no necessity of making any change unless he desired to change the manner of the holding, or to designate how each devisee should take and hold that portion of his estate devised to his wife for life. He then provided that as to the stocks devised to his son, they should be held in trust, but when empowering his executors to sell his residence, and in making a disposition of the proceeds he says: "They (the executors) shall have the right and power to sell the said realty and sell or divide among my children the personalty thereon, and the proceeds to be divided among my six children share and share alike in perfect equality. But the moneys and cash coming to my three infant daughters' share be invested at once by their guardians, etc., in secure and valid bonds, United States bonds being preferred." He then appoints his two sons-in-law his executors. If the testator had intended the trust to continue in regard to the family residence, and the personalty connected with it, so far

as the son was concerned, he would have simply conferred on the executors the power to sell and nothing more, but here "the personalty thereon and the proceeds are to be divided among my six children share and share alike in perfect equality." This discretion is given to the executors. They are not required to pay the proceeds of the homestead to the trustee, but they are required to hand over to him the stocks and that is significant of the testator's purpose. It will be found in every provision of the will but this one, he makes the wife and children of his son equal participants in his bounty with the son, but as to this devise they are entirely omitted, and that, too, when the testator had in the same codicil or the one preceding made them participants in the benefits resulting from the stocks that are placed in trust. If no change was intended to be made as to the manner of holding, the power to sell would alone have been conferred, but in the codicil the testator seems to have disposed of the property devised to his wife for life as if no previous will had been made, and when believing that he had secured to his son and his family a competent support he felt doubtless when disposing of the homestead and the personalty attached to it, that it was his duty to make an equal distribution of the proceeds among all of his children without any restriction as to their power to control it. Besides, when making this devise, immediately following it he directs the proceeds given to his children who were under age to be invested in good bonds. He was providing that their interests should be protected and could not well have overlooked, if such was his intention, the fact that it was necessary to secure the son's part of the proceeds of the residence to his wife and children, or to the support of the son through the intervention of a trustee. It is said, however, that the reason he did not make such a provision was because he had already said in the original will that the one-sixth interest, etc., devised to his son should be held in trust. If so, why did the testator in his codicil see proper to place the stocks in trust and to dispose of the estate devised to his wife for life as if no will had been made, and why did he undertake not only to confer on the executors the power to sell but to go farther and designate the mode of distribution and the parties entitled, if this had already been done?

It seems to us the legitimate interpretation of this will is as given by the court below and that Albert is entitled to the absolute estate

in the proceeds of the homestead. The judgment is, therefore, *affirmed*.

*Muir & Hayman, for appellant.*
*Geo. Weissinger, for appellees.*